IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39809-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| PAULA LANEY, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Paula Laney appeals her conviction for third degree assault. She argues her trial counsel was ineffective for failing to challenge the legality of the traffic stop that occurred before she assaulted the officer who stopped her. We decline to consider her argument because the record is insufficient to adjudicate her claim.

## FACTS[1]

Officer Kayla Nuxoll located and stopped a car that dispatch informed her was being driven erratically. The driver, Paula Laney, had herself called dispatch to report an

---

[1] The facts are taken from the evidence presented at trial.

erratic driver. Dispatch had informed Officer Nuxoll that Laney sounded intoxicated on the call.

Once stopped, Laney was confused and uncooperative. She deflected Officer Nuxoll's questions about her own driving by insisting that she was the concerned party who had reported another party's erratic driving. When Officer Nuxoll requested registration and proof of insurance, Laney refused on the basis that the car belonged to her neighbor, who had recently died. Laney insisted that she had only driven the car that night in order to visit Taco Time. After smelling the odor of burning brakes, Officer Nuxoll noticed that Laney had been driving with her emergency brake engaged. When Officer Nuxoll asked Laney to get out of the car, she refused and claimed she was disabled. When asked how much she had had to drink, Laney sardonically replied, "A keg." Report of Proceedings at 139. She then refused to submit to field sobriety tests.

Officer Nuxoll told Laney she was under arrest for suspicion of driving under the influence of alcohol. Even after learning she was under arrest, Laney repeatedly refused to get out of the car. Officer Nuxoll told Laney that if she did not get out of the car that she would be forcibly removed. Eventually, Officer Nuxoll tried to remove Laney from the car, at which point Laney hit the officer in the face with a closed fist. Officer Nuxoll and other officers completed the arrest.

2

The State charged Laney with assault in the third degree. At trial, Officer Nuxoll testified consistent with the facts above, and the State showed the jury Officer Nuxoll's bodycam footage of the encounter. Because the State did not charge Laney with driving under the influence, it did not ask Officer Nuxoll about Laney's driving.

The jury convicted Laney, and she timely appealed.

ANALYSIS

Laney argues she received ineffective assistance of counsel because her trial counsel failed to challenge the legality of the traffic stop. For the reasons explained, we decline to address her argument.

To demonstrate ineffective assistance of counsel, a defendant must establish two elements: (1) defense counsel's representation was deficient, and (2) defense counsel's deficient representation prejudiced the defendant. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Focusing on the second element, the record is insufficient for us to determine whether Laney was prejudiced by her trial counsel's failure to challenge the legality of the traffic stop.

At trial, the reasons supporting the stop were not relevant to the charged offense, and the State had no reason to, and did not, ask the arresting officer for every reason why she stopped Laney. Without knowing all of the reasons for the stop, we cannot determine whether Laney was prejudiced by her trial counsel's alleged deficient performance.

3

No. 39809-9-III
*State v. Laney*

Therefore, we decline to consider the issue. *See id.* at 333 (refusing to consider defendant's unpreserved challenge to warrantless arrest because necessary facts were not in record to adjudicate claim).[2]

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Laney argues her conviction was improper because (1) her trial counsel failed to notify her of trial, (2) the jury pool saw her enter the courthouse prior to trial, (3) the jury was biased, and (4) she could not comply with Officer Nuxoll's request to get out of the car because of a disability.

We reject Laney's first argument because she was present at trial, so any failure by her attorney to notify her of trial caused no prejudice. We decline to consider her other arguments because the record is inadequate for us to adjudicate those claims. If Laney wants a reviewing court to consider matters outside the record, a timely personal restraint petition should be filed. *Id.* at 338.

---

[2] Even had trial counsel successfully challenged the traffic stop, a separate question arises whether evidence of the assault would have been suppressed. *See State v. Mayfield*, 192 Wn.2d 871, 874, 434 P.3d 58 (2019) (evidence obtained after unconstitutional police conduct will not be suppressed if the connection between the unconstitutional conduct and the evidence is remote or has been interrupted by some intervening circumstance).

No. 39809-9-III
*State v. Laney*

In this instance, we affirm.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Pennell, J.                    Cooney, J.